UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62047-CIV-SINGHAL/VALLE

JUSTIN ROHRBACH,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion in Limine, filed on August 22, 2022 (the "Motion") (DE [36]). Plaintiff filed a Response on September 6, 2022 (DE [38]). The Motion is now ripe for this Court's consideration.

Defendant seeks to exclude any evidence of its own claims handling procedures. Defendant argues evidence concerning the sales and marketing of the policy, claims handling, or the adequacy of any claims investigation have no bearing on whether Plaintiff is "totally disabled" under the policy. Defendant cites several cases in support of the proposition that evidence regarding alleged improper handling or bad faith by an insurance carrier is not relevant to the issue of whether a plaintiff is totally disabled under a policy, and introduction of such evidence risks causing undue prejudice, confusion of the issues, or misleading the jury.

Plaintiff responds that the claims process itself—how Defendant reached the decision and the information relied on to make it—is relevant to determining whether Defendant breached the policy's definition of total disability. According to Plaintiff, the

claims process is relevant because it informs Defendant's own interpretation of the policy and can provide a basis for impeachment. Plaintiff emphasizes that he does not seek to introduce evidence to prove Defendant handled the claim in bad faith. Rather, Plaintiff explains, he seeks only to introduce evidence on how Defendant reached the decision and the evidence relied on as documented in Denial Letters.

The Court finds that any evidence probative of the central question of fact—whether Plaintiff was totally disabled under the policy—is admissible regardless of where it is sourced from. Thus, to the extent Denial Letters and other claims processing documents contain substantive evidence probative of this central issue, they are admissible. However, to the extent such evidence is not probative of this issue, especially where it risks juror confusion or prejudice against Defendant, such evidence is not admissible. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion (DE [36]) is **GRANTED IN PART AND DENIED IN PART**. The parties are instructed to heed this Court's guidance in the preceding paragraph when introducing evidence. The Court will reserve judgment on this issue to the extent it emerges on a particularized basis at trial.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 14th day of October 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF