UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62047-CIV-SINGHAL/VALLE

JUSTIN ROHRBACH,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion in Limine, filed on August 22, 2022 (the "Motion") (DE [37]). Defendant filed a Response on September 6, 2022 (DE [39]). Plaintiff filed a Reply on September 13, 2022 (DE [40]). The Motion is now ripe for this Court's consideration.

Plaintiff seeks to exclude evidence related to Plaintiff's application for insurance. Specifically, Plaintiff argues Defendant should be barred from offering evidence regarding Plaintiff's prior medical history before he submitted his application for insurance, barred from questioning Plaintiff regarding information contained on his application for insurance, and barred from introducing testimony or evidence about prior lawsuits and a firearms charge. Plaintiff asserts that Defendant seeks to offer evidence into these subject areas to prove Plaintiff made misrepresentations and omissions on his application. This, Plaintiff argues, is barred by the "Mend the Hold" doctrine because Defendant cannot now raise the new defense of forfeiture of coverage.

Defendant responds that the "Mend the Hold" doctrine does not apply here

because Defendant is not adding new defenses or reasons for refusing payment. Rather, Defendant explains, evidence of prior medical conditions (whether disclosed or undisclosed on the initial application) are relevant to the issue of whether Plaintiff satisfies the policy's definition of total disability and Plaintiff's credibility as a testifying witness. Thus, Defendant explains, it is not raising the defense of forfeiture of coverage, but rather seeking to introduce evidence probative of coverage under the policy.

The Court finds that all evidence probative of whether Plaintiff meets the policy's standard for total disability may be admissible, regardless of the source it is derived from and regardless of whether it could also be probative of a non-raised defense. Thus, to the extent relevant evidence is contained in prior applications, in Plaintiff's prior medical history, prior testimony, information contained in prior lawsuits, etc., it may be admissible. Material wholly unrelated to this central question, such as the cited firearm charge, is inadmissible. If Plaintiff testifies, Defendant will also be able to introduce evidence for the purposes of witness impeachment pursuant to Federal Rules of Evidence 404 and 608.

Second, Plaintiff seeks to preclude evidence of Plaintiff's personal investments and other financial information. Plaintiff contends Defendant will seek to elicit testimony and introduce evidence regarding Plaintiff's personal finances, money paid to a business entity, and other information related to Plaintiff's investments. Plaintiff argues that all these subject areas are irrelevant to the issues in this action.

Defendant responds that the bank records of Plaintiff's wholly owned business entity and Plaintiff's employment and income from Miami Auto Brokers is entirely relevant because it is probative of whether he was totally disabled under the policy. Defendant explains Plaintiff previously testified he was totally disabled since 2000. However,

Defendant asserts, Plaintiff has since earned over $100,000 working in automobile sales as a broker and has been paid indirectly through an LLC that he solely controls. This, Defendant argues, is probative of Plaintiff's ability to work and earn substantial income in a similar role to his former job to which he claims he is totally disabled from doing. Moreover, Defendant adds, evidence of Plaintiff's significant funds undermines his prior testimony that he could not afford medical treatment.

The Court finds that evidence regarding Plaintiff's bank records and funds, the business entity he controls, his employment, income from Miami Auto Brokers, and related evidence is all wholly relevant to the issue of whether Plaintiff is totally disabled under the policy. If Plaintiff testifies, Defendant is again advised that evidence offered for the purpose of witness impeachment must comply with Federal Rules of Evidence 404 and 608.

**ORDERED AND ADJUDGED** that Plaintiff's Motion (DE [37]) is **GRANTED IN PART AND DENIED IN PART** for the reasons discussed above.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 14th day of October 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF